# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| IN RE STEPHEN HALL,<br><br>Petitioner, | Cause No. CV-11-0062-GF-SEH-RKS<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND PETITION TO PRESERVE EVIDENCE |
|---|---|

Pending is Stephen Hall's "Petition to File for Survalence [sic] Videos at Great Falls Pre-release." C.D. 2. Within the Petition, Mr. Hall requests court costs be waived because he is indigent. The request is construed as a Motion to Proceed in Forma Pauperis. C.D. 1. Mr. Hall also requests surveillance video from the Great Falls Pre-Release Center because it contains evidence of a violation of his constitutional rights. C.D. 2, p. 1.

Indigent litigants may be permitted to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). But the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint

that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Mr. Hall has provided no basis for jurisdiction in this matter and accordingly the motion to proceed in forma pauperis and the petition should be denied. Presumably, Mr. Hall is attempting to preserve evidence pursuant to Rule 27 of the Federal Rules of Civil Procedure which allows depositions before an action is filed in order to perpetuate testimony.

> Under Rule 27(a)
>
> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Mr. Hall has made no attempt to comply with the requirements of Rule 27(a)–he has not explained why he cannot presently bring a cause of action cognizable in a United States court, he has not given the subject matter of the expected action, he has not explained the facts he wants to establish with the proposed evidence or the reasons to preserve that evidence, and he has not provided the names of the person whom he expects to be adverse parties in any such action.

The most problematic aspect of the petition is Mr. Hall's failure to explain what cause of action he intends to bring and how this Court would have jurisdiction over any such cause of action.  "There need not be an independent basis of federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus a matter that may be cognizable in the federal courts." *Dresser Industries, Inc. v. U.S.*, 596 F.2d 1231 (5th Cir. 1979).

Mr. Hall has not provided the information required under Rule 27 and as such has provided no basis upon which the Court may exercise jurisdiction in this case.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Hall's Motion to Proceed in forma pauperis C.D. 1 and Petition C.D. 2 should be **DENIED**.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Hall may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of September, 2011.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge